IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LONDON,

        Plaintiff,                      No. CIV S-04-0067 GEB GGH P

    vs.

EDWARD S. ALAMEIDA, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's November 3, 2005, motion to strike his deposition. For the following reasons, this motion is denied.

        On October 27, 2005, plaintiff was deposed by counsel for defendant Sogge, i.e. Todd Vollmerhausen, and counsel for defendants B. Williams, D. Williams and Douglas, i.e. James C. Phillips.  Plaintiff moves to "strike" this deposition on the following grounds.

        First, plaintiff argues that defendants did not seek leave of court to depose him. The discovery order filed February 23, 2005, authorized defendants to depose plaintiff. Accordingly, this objection is without merit.

        Plaintiff next argues that he did not receive adequate notice of the deposition. Plaintiff argues that the only notice of deposition he received was from Mr. Vollmerhausen.

1

1 Plaintiff contends that Mr. Phillips was not authorized to ask him questions because he did not
2 serve plaintiff with a separate notice. Fed. R. Civ. P. 30(b) discusses the requirements for
3 noticing depositions. This court is aware of no authority requiring separate counsel for
4 defendants to each submit a notice of deposition. The case cited by plaintiff for the proposition
5 that each counsel must submit a separate notice, Lauson v. Stop-N-Go Foods, Inc., 133 F.R.D. 92
6 (W.D.N.Y. 1990), does not stand for this proposition. Plaintiff received adequate notice of the
7 deposition. Accordingly, this objection is without merit.

8 Plaintiff next argues that at the beginning of the deposition, the deposition officer
9 failed to put on the record her name as well as the name of all parties present as required by Fed.
10 R. Civ. P. 30(b)(4). This objection is waived unless it was made by plaintiff at the deposition.
11 Fed. R. Civ. P. 32(d)(3)(B). Whether plaintiff made this objection at the deposition is not clear
12 from the record. Accordingly, the court will deny plaintiff's motion on this ground because he
13 has not demonstrated that he made this objection at the deposition.

14 Finally, plaintiff argues that the deposition was conducted in bad faith because he
15 did not know who Mr. Phillips was until 1 ½ hours into the deposition. Again, this objection is
16 waived unless it was raised at the deposition. Fed. R Civ. P. 32(d)(3)(B). The court will deny
17 plaintiff's motion on this ground because he has not demonstrated that he made this objection at
18 his deposition.

19 Accordingly, IT IS HEREBY ORDERED that plaintiff's November 3, 2005,
20 motion to quash and/or strike is denied.

21 DATED: 1/31/06

23 /s/ Gregory G. Hollows

24 GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

25 ggh:kj
lon67.dep