1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD LONDON,

11           Plaintiff,                    No. CIV S-04-0067 GEB GGH P

12        vs.

13   EDWARD S. ALAMEIDA, et al.,

14           Defendant.                    ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  The defendants in this action are B. Williams, G. Williams, Douglas and

18   Sogge.  Defendant Sogge is represented by separate counsel.  Pending before the court is

19   plaintiff's December 22, 2005, request to modify the scheduling order.  Plaintiff is requesting an

20   extension of time to file a motion to compel as to discovery responses by defendant Sogge. The

21   background to this request is as follows.

22           On July 18, 2005, the court issued a scheduling which set the discovery cut-off

23   date for October 21, 2005.  On September 19, 2005, the court granted plaintiff's request for an

24   extension of time to respond to defendants' interrogatories.  On September 30, 2005, the court

25   granted plaintiff's September 21, 2005, request to modify the scheduling order.  The court

26   ordered the discovery cut-off date re-set to December 12, 2005, with all discovery requests due at

                                              1

1   least sixty days prior to that date.

2            On October 21, 2005, the court granted the request for extension of time filed on

3   behalf of defendants B. William, G. Williams and Douglas to file responses to plaintiff's requests

4   for admissions. The court ordered defendants' responses due on November 11, 2005.  On

5   December 7, 2005, the court denied plaintiff's October 14, 2005, second request to extend the

6   discovery cut-off date.  In this request, plaintiff stated that although he served defendants with his

7   discovery requests sixty days prior to December 12, 2005, after reviewing defendants' responses,

8   he determined that he would require more time to submit additional discovery requests in order

9   to clarify these responses.  The court denied plaintiff's request and advised him that if he was

10  dissatisfied with defendants' responses, he should file a motion to compel.

11           On December 13, 2005, the court granted the second request for extension of time

12  by defendants B. Williams, G. Williams and Douglas to respond to plaintiff's discovery requests.

13  The court ordered that defendants' responses were due on January 18, 2006, and that plaintiff

14  could file a motion to compel regarding these responses within thirty days thereafter.

15           In the pending request, plaintiff requests until February 18, 2006, to file a motion

16  to compel regarding defendant Sogge's responses to his discovery requests.  Plaintiff states that

17  he did not receive defendant Sogge's responses until December 2, 2005, which left him with less

18  than ten day to prepare his motion to compel in compliance with the December 12, 2005,

19  discovery cut-off date.  In his declaration attached to his January 11, 2006, reply to defendant's

20  opposition to his request, plaintiff states that he could not have filed a timely motion to compel

21  because 1) he is not a lawyer; 2) he was unable to obtain his usual "jailhouse lawyer" because

22  this inmate was assisting other inmates; 3) he required law library access and the law library was

23  closed much of the time during the Christmas holiday; 4) he was required to attend his prison job

24  and the law library only permitted him two hours of access per week.

25           In the January 3, 2006, opposition to plaintiff's motion, defendant Sogge states

26  that his discovery responses were timely served on plaintiff on December 2, 2005.  Defendant

1  observes that plaintiff did not file a timely request for extension of time to file a motion to

2  compel.

3         The court finds that plaintiff's request is not well supported.  While plaintiff

4  alleges that his jailhouse lawyer was unavailable and that he lacked adequate law library access,

5  the court observes that on December 23, 2005, plaintiff filed a supplement to his motion to

6  quash.  This document was signed by plaintiff on December 12, 2005.  If plaintiff was able to

7  prepare this document, apparently without the assistance of his jailhouse lawyer and adequate

8  law library access, it is unclear why he could not have prepared his motion to compel.  In

9  addition it is unclear why plaintiff was unable to prepare a timely request for extension of time to

10 file his motion to compel, as the pending request is dated December 14, 2005.

11        The court has been generous and clear with plaintiff regarding the discovery cut-

12 off dates.  The court issued a discovery order on February 23, 2005.  Plaintiff has had adequate

13 time to conduct discovery.

14        For the reasons discussed above, plaintiff's request for an extension of time to file

15 a motion to compel as to defendant Sogge's discovery responses, contained in his request to

16 modify the scheduling order, is denied.

17        Accordingly, IT IS HEREBY ORDERED that plaintiff's December 22, 2005,

18 request to modify the scheduling order so as to permit him to file a motion to compel as to

19 defendant Sogge is denied.

20 DATED:  2/14/06

21

22                                    /s/ Gregory G. Hollows

23                                    GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

24

25 ggh:kj
   lon67.dis(3)

26