1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD A. LONDON,

11           Plaintiff,                    No. CIV S-04-0067 GEB GGH P

12       vs.

13   EDWARD S. ALAMEIDA, et al.,

14           Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel filed February 13,

18   2006.  The motion to compel is addressed to all defendants:  B. Williams, Sogge, Douglas and D.

19   Williams.

20           On December 13, 2005, the court granted the second request for extension of time

21   by defendants B. Williams, G.Williams and Douglas to respond to plaintiff's discovery requests.

22   The court ordered that defendants' responses were due on January 18, 2006, and that plaintiff

23   could file a motion to compel regarding these responses within thirty days.  On February 15,

24   2006, the court denied plaintiff's request to modify the scheduling order so as to permit him to

25   file a motion to compel as to defendant Sogge.  Plaintiff's motion to compel as to defendant

26   Sogge is untimely.

                                           1

On February 22, 2006, defendant Sogge filed an opposition to plaintiff's motion. In his opposition, defendant Sogge moves for sanctions based on plaintiff's failure to meet and confer.  The February 23, 2005, discovery order provides that Local Rule 37-251, which requires a party to meet and confer with the opposing party before filing a motion to compel, does not apply.  The court finds that sanctions are not warranted.

In order to put plaintiff's motion in context as to the remaining defendants, the court will summarize plaintiff's claims.  This action is proceeding on the original complaint filed January 13, 2004.  Plaintiff alleges that he suffers from hepatitis C and that defendants improperly discontinued his interferon treatment.  In particular, plaintiff alleges that on February 28, 2000, defendant Sogge ordered interferon treatment for plaintiff.  On January 2, 2001, this treatment was discontinued despite a substantial decrease in plaintiff's viral load.

Plaintiff alleges that on December 3, 2001, defendant B. Douglas improperly found that plaintiff was an interferon therapy non-responder.  In 2003, defendant B. Williams wrote a letter stating that plaintiff had actually responded to the treatment back in 2000.  Plaintiff alleges that on January 23, 2003, defendant D. Williams, a nurse practitioner, referred plaintiff for interferon and ordered blood tests, including a drug abuse profile.  The drug abuse profile came back negative.  On March 17, 2003, defendant D. Williams falsely stated that plaintiff's drug abuse screen was positive, thereby precluding plaintiff from further interferon treatment.

As legal claims, plaintiff alleges that defendants violated his Eighth Amendment right to adequate medical care.  Plaintiff also alleges that defendants provided inadequate medical care in retaliation against him for filing grievances.

Request no. 7 asks defendant Douglas, "You had your staff privileges terminated at Sutter-Roseville Medical Center?"  Defendant Douglas objects that Fed. Rule Evid. 404(b) prohibits admission of evidence regarding other wrongs by the defendant to prove his character. Rule 404(b) governs the admission of evidence at trial.  Parties are entitled to discovery of relevant information.  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at

1   the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

2   evidence."  Accordingly, defendant's citation to Fed. R. Evid. 404(b) is not persuasive.  Evidence

3   that defendant Douglas had his staff privileges revoked at Sutter-Roseville Hospital may lead to

4   admissible evidence in this action.

5            Defendant Douglas also objects that request no. 7 constitutes an invasion of his

6   privacy.   Defendant provides no information nor does he cite any case law to support this

7   objection.  Accordingly, the court finds that defendant's privacy objection is not well supported.

8   For these reasons, defendant Douglas is ordered to respond to request for admission no. 7 within

9   twenty days of the date of this order.

10           Request no. 20 asks defendant Douglas, "You have never prescribed the pegasys

11  program for inmates with Hep-C at Grade 2 Stage 2?"  Request no. 21 asks, "You have never

12  prescribed the pegasys program for Hep-C inmates at Grade 3 Stage 3?"  Request no. 22 asks,

13  "You never prescribed the pegasys program for Hep-C inmates at Grade 4 Stage 4?"

14           Defendant's objections to these requests were identical:

15           Defendant objects to this request for admission on the grounds that it is
             burdensome and oppressive as it would require a review of the records of every
16           inmate with Hepatitis-C treated by defendant.  Without waiving said objection,
             treatment for inmate patients with Hepatitis-C is prescribed by the
17           specialist/consultant.

18           The court is not persuaded by the objection.  The interrogatory does not ask

19  defendant Douglas to detail all the times he has prescribed the pegasys program for any of the

20  Grade 2, 3, and 4 inmates.  It asks him whether he has ever prescribed it.  If the doctor cannot

21  truthfully recall, that is a fair statement; however, the probability remains that he would know

22  whether he has ever prescribed such a program or not.  Although the remainder of the

23  interrogatory response would point to his never having prescribed it, the court is perplexed as to

24  why defendant Douglas just cannot say so.  Defendant shall further answer the interrogatory to

25  the best of his knowledge.

26  \\\\\

1    Interrogatory no. 2 asks defendant Douglas, "Please state with particularity why
2    your staff privileges were terminated at Sutter-Roseville Medical Center."

3    Defendant's objections to this interrogatory are the same as those made to request
4    for admission no. 7.  For the reasons discussed above, defendant is ordered to respond to
5    interrogatory no. 2 within twenty days of the date of this order.

6    Plaintiff argues that defendant D. Williams and B. Williams failed to respond to
7    his second sets of requests for admissions and interrogatories which he served on October 19,
8    2005, and October 25, 2005.  Plaintiff also argues that defendants D. Williams, B. Williams and
9    Douglas failed to respond to his second request for production of documents which he served on
10   October 25, 2005.

11   On July 18, 2005, the court issued a scheduling order setting the discovery cut-off
12   date for October 21, 2005.  On September 30, 2005, the court ordered the discovery cut-off date
13   re-set to December 12, 2005, with all discovery requests due at least sixty days prior to that time.
14   Therefore, plaintiff's discovery requests were to be served on defendants by October 13, 2005.
15   Plaintiff's second sets of requests for admissions, admissions and requests for production of
16   documents were not timely served.  Accordingly, the motion to compel is denied as to these
17   requests.

18   Finally, defendants' opposition construes plaintiff's motion as compelling further
19   responses to request for production of documents no. 4.  The court does not find that plaintiff is
20   compelling further responses as to this request.

21   Accordingly, IT IS HEREBY ORDERED that:

22   1.  Plaintiff's February 13, 2006, motion to compel is granted as to request for
23   admission no. 7, interrogatory no. 2, and interrogatory 20, 21, 22 addressed to defendant
24   Douglas; plaintiff's motion to compel is denied in all other respects;

25   /////
26   /////

4

1         2.  Within twenty days of the date of this order, defendant Douglas shall serve

2    plaintiff with his responses to request for admission no. 7,interrogatory nos. 2, 20, 21 and 22.

3    DATED: 5/18/06

                                              /s/ Gregory G. Hollows

4                                                  GREGORY G. HOLLOWS

5                                                  UNITED STATES MAGISTRATE JUDGE

6    GGH:kj:
lon67.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26