1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD A. LONDON,

11              Plaintiff,                    No. CIV S-04-0067 GEB GGH P

12       vs.

13   EDWARD S. ALAMEIDA, et al.,

14              Defendants.              ORDER

15   _____/

16            On May 18, 2006, the court granted, in part, plaintiff's February 13, 2006, motion

17   to compel.  On June 5, 2006, defendant Douglas filed a request for clarification and

18   reconsideration of this order.  This request is addressed to the undersigned.

19            Defendant requests clarification regarding the discovery requests to which he is

20   required to provide further responses.  Defendant is required to provide further responses to

21   request for admissions nos. 7, 20, 21 and 22.  Defendant is required to provide a further response

22   to interrogatory no. 2.

23            Defendant seeks reconsideration of the order requiring him to provide a further

24   response to interrogatory no. 2 which asks, "Please state with particularity why your staff

25   privileges were terminated at Sutter-Roseville Medical Center."  In the opposition to plaintiff's

26   motion to compel defendant objected to this interrogatory, in part, on grounds that it constituted

1

an invasion of his privacy.  Because defendant provided no information nor cited any case law to support this objection, the court found that it was not well supported.

In the request for reconsideration, defendant admits (in response to request for admission no. 2) that his privileges at Sutter-Roseville were terminated.  Defendants now argues that the court should reconsider its ruling requiring him to disclose his reasons for termination on grounds that requiring him to respond to this interrogatory would constitute an unwarranted invasion of his privacy under state and federal law.

Although there is no federal common law privilege akin to the right of privacy, "'[f]ederal courts ordinarily recognize a constitutionally based right of privacy that can be raised in response to discovery requests.'" Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 657 (C.D.Cal. 2005)(citation omitted).  "Resolution of a privacy objection... requires a balancing of the need for the information sought against the privacy right asserted." Id. at 657.

The request for reconsideration states that defendant's privileges were terminated in 1996.  The request argues that this action was too remote in time and clearly unrelated to any of the actions alleged in plaintiff's complaint.

While the court suspects that the information sought by plaintiff is most likely not relevant, it cannot make this assessment based on the unsworn statements contained in defendant's request.  Accordingly, within ten days of the date of this order, defendant shall file under seal a declaration briefly stating when his privileges were terminated and why.  Following review of this declaration, the court will issue further orders.

The court makes the following observations regarding defendant's citations to state law.  Defendant cites Cal. Bus. & Prof. Code § 800 which provides, in relevant part, that the contents of the central file of a physician maintained by the California Medical Board are confidential except for that information provided for in § 803.1.  Cal. Bus. & Prof. Code § 800(c).  Section 803.1 provides that the California Medical Board shall disclose to an inquiring member of the public information regarding any enforcement actions taken against a licensee

2

1  including revocations, suspensions, probations or limitations on practice ordered by the board,

2  etc.  The information sought by plaintiff may be discoverable pursuant to this section, even

3  assuming that California law would govern here at all (and it does not).

4          Finally, the court observes that its review of defendant's declaration regarding the

5  reasons for his termination of privileges will be the third time that court resources have been

6  spent on this matter.  Defendant's failure to properly make his privacy objection in his opposition

7  to the motion to compel has caused an unwarranted expenditure of court resources on what

8  should have been a fairly straightforward issue.

9          Accordingly, IT IS HEREBY ORDERED that:

10          1.  Defendant's June 5, 2006, request for clarification and reconsideration is

11  granted;

12          2.  Within twenty days of the date of this order, defendant shall provide plaintiff

13  with further responses to request for admissions nos. 7, 20, 21 and 22;

14          3.  Within twenty days of the date of this order, defendant shall file under seal the

15  declaration discussed above regarding interrogatory no. 2.

16  DATED: 6/28/06

        /s/ Gregory G. Hollows

17          _____

18          GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

19  GGH:kj
  lon67.cla

20

21

22

23

24

25

26